# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| --- | --- | --- |
| v. | : | DATE FILED _____ |
| JAMES F. JORDAN, III | : | VIOLATIONS: |
| | : | 29 U.S.C. § 501(c) (embezzlement from a union fund - 2 counts) |
| | : | 29 U.S.C. § 439(c) (falsifying records required to be maintained by a union - 1 count) |

## INDICTMENT

## COUNTS ONE AND TWO

**THE GRAND JURY CHARGES THAT**:

At all times material to this indictment:

1. International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 161 ("Local 161"), known as the Riggers, was a "labor organization" engaged in activities affecting interstate commerce within the meaning of Title 29 of the United States Code. Local 161 had approximately 115 members who specialized in plant installations and machinery moving in Philadelphia, Bucks, Montgomery, Chester, and Delaware Counties. Local 161 was affiliated with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, ALF-CIO ("the International"). It negotiated and was a signatory to collective bargaining agreements with the Contracting Riggers Association in Philadelphia, Pennsylvania. Local 161 maintained its business office at 3460 N. Delaware Avenue, Philadelphia, Pennsylvania.

1

2. Local 161 was governed by the constitution of the International and by Local 161's constitution and bylaws. The bylaws designated the officers of Local 161 as: president, vice president, business manager-financial secretary-treasurer, recording secretary, sergeant-at-arms, five executive committee members, three trustees, three examining committee members, and three delegates to the district council of iron workers.

3. From approximately 1998 to in or about October 2002, defendant JAMES F. JORDAN, III, was Local 161's business manager-financial secretary-treasurer ("business manager"). The business manager managed the day-to-day operations of the union. According to the union's bylaws, the business manager was the union's only full-time position whose salary was paid by the union through the general union fund.

4. Local 161 paid defendant JAMES F. JORDAN, III, an approximate net salary of $832.80 per week. Defendant JORDAN was entitled to approximately 52 salary checks plus two vacation checks totaling 54 checks per year.

5. All disbursements from the general union fund, including defendant JAMES F. JORDAN, III's salary and vacation checks, were required to be approved by Local 161's executive committee, comprised of the president, recording secretary, and five executive committee members, at its monthly meetings.

6. Without the executive committee's knowledge or authorization, from January 2000 to September 2002 defendant JAMES F. JORDAN, III, issued and cashed 26 salary checks to himself totaling approximately $21,652.80, in addition to the checks to which he was entitled.

7. On or about the approximate dates listed below, in Philadelphia, in the

Eastern District of Pennsylvania and elsewhere, defendant

**JAMES F. JORDAN, III,**

embezzled, stole, and unlawfully and willfully abstracted and converted to his own use moneys and funds of the Iron Workers Local 161, a "labor organization" engaged in an industry affecting interstate commerce within the meaning of Title 29 of the United States Code, in that, defendant JORDAN took and cashed the following additional unauthorized salary checks:

| COUNT | YEAR | NUMBER OF ADDITIONAL SALARY CHECKS TAKEN | NET AMOUNT OF ADDITIONAL SALARY CHECKS |
|---|---|---|---|
| 1 | 2001 | 5 | $4,164.00 |
| 2 | 2002 | 21 | $17,488.80 |
|  |  | **TOTAL** | **$21,652.80** |

All in violation of Title 29, United States Code, Section 501(c).

**COUNT THREE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 of Counts One and Two are realleged here.

2. At all times material to this indictment, Article VI, Section 1(D) of Local 161's bylaws provides that "the business manager-financial secretary-treasurer will maintain a list of expenses incurred and report the same at the next regular meeting." The list of expenses prepared for the executive board and general membership meetings was known as a monthly transaction report. These monthly transaction reports were used to prepare the annual financial disclosure report required to be filed with the Secretary of Labor.

3. In or about April 2002, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JAMES F. JORDAN, III**

willfully made, and aided, abetted, and willfully caused the making of, a false entry in a record required to be kept by Sections 431 - 437 of Title 29, United States Code, that is, a monthly transaction report of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 161.

In violation of Title 29, United States Code, Section 439(c) and Title 18, United States Code, Section 2.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**PATRICK L. MEEHAN**
**United States Attorney**